FILED
2007 Jan-29 PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERIDENE JACKSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:   2:06-CV-2281-RDP |
| ) | |
| ) | |
| **SERRA CHEVROLET, INC. and** ) | |
| **WELLS FARGO FINANCIAL** ) | |
| **ACCEPTANCE, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Pending before the court is Defendant Wells Fargo Financial Alabama, Inc.'s ("Wells Fargo") Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint. (Doc. # 17). After due consideration, the court concludes Wells Fargo's Motion to Dismiss Counts II and III—Plaintiff's fraud claims—is due to be granted as the court concludes that any attempt by Plaintiff to amend her complaint to comply with Federal Rule of Civil Procedure 9(b) would prove futile.[1] The court notes that it has allowed Plaintiff to replead her fraud counts on one occasion. (Doc. # 11). Plaintiff did so and submitted an Amended Complaint on December 21, 2006. (Doc. # 14). However, after reviewing the amended complaint, the court must conclude that Plaintiff failed to address any of the concerns expressed by Defendants and the court regarding her fraud claims and that there is an incurable defect in Plaintiff's prosecution of her fraud claims against Wells Fargo. Therefore, Counts II and III of Plaintiff's Amended Complaint are due to be dismissed without prejudice insofar as Plaintiff seeks to prosecute those claims against Wells Fargo.

---

[1] The court has previously ordered Plaintiff to replead her complaint in order to plead her fraud claim with more particularity, after Defendants submitted a similar motion earlier in the litigation.

The court agrees with Defendant that Plaintiff's complaint fails to state *any* element of the alleged fraud necessary in order to satisfy Rule 9(b). However, the court is mindful of the well-established rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (footnote omitted). That is, "Rule 9(b) must not be read to abrogate [R]ule 8, however, and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of [R]ule 9(b) with the broader policy of notice pleading." *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir. 1985) (citations omitted). Therefore, courts are often encouraged to allow amendment to a deficient complaint as opposed to dismissing the claim under Rule 12(b)(6) if it appears that there may exist some genuine issue of material fact. *Id.* at 813. As noted above, the court previously allowed Plaintiff to amend her complaint (Doc. # 11); however, the court does not believe that any further amendment would correct the present deficiencies in Plaintiff's complaint.

"Rule 9(b) is satisfied if the complaint sets forth '(1) precisely **what statements were made** in what documents or oral representations or what omissions were made, and (2) the **time and place of each such statement** and **the person responsible for making** (or, in the case of omissions, not making) same, and (3) the **content of such statements** and the **manner in which they misled the plaintiff**, and (4) **what the defendants obtained as a consequence** of the fraud.'" *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (quoting *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997)) (emphasis added). Plaintiff's Amended Complaint does not allege any of those facts in relation to its fraud claim against Wells Fargo. As a general matter, it is clear from the drafting of the Amended Complaint that Plaintiff's

claims entitled "Fraudulent Misrepresentation and/or Omission" (Count II) and "Fraudulent Suppression" (Count III) claims are actually claims against Defendant Serra Chevrolet, Inc. ("Serra"), the dealership that sold Plaintiff the car and made the loan that was assigned to Wells Fargo. (Doc. # 14 ¶¶ 35–54). Plaintiff makes allegations regarding specific facts related to Serra, but does not make any specific allegations of wrongdoing with respect to Wells Fargo. (Doc. # 14 ¶¶ 35–54). In fact, Plaintiff makes only generalized allegations relating to Wells Fargo by using the all-inclusive "Defendants" when setting forth her fraud allegations in her amended complaint. The court finds that these general allegations do not satisfy the requirements of Rule 9(b). Moreover, a close reading of the Amended Complaint (Doc. # 14) reveals that it is really nothing more than a recycled version of the original Complaint (Doc. #1) and that it does not contain any substantive factual allegations.[2] Since the Amended Complaint is a product of the court's specific instruction to Plaintiff to replead her fraud claims with particularity so that these claims could be sustained against Wells Fargo, the court must conclude that the requisite information cannot be alleged because the events necessary to support a claim of fraud against Wells Fargo never occurred. Therefore, the court finds there is no genuine issue of material fact as to Plaintiff's attempted fraud and suppression counts alleged against Wells Fargo, and, as a consequence, these claims are due to be dismissed against this defendant.

In summary, the court finds that Defendant Wells Fargo's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint (Doc. # 17) is due to be granted as the court concludes that any

---

[2] Paragraph 43 of the Amended Complaint contains the only new factual allegation, *i.e.*, that the monthly payments for the automobile Plaintiff purchased were higher than she expected because of the inclusion of GAP insurance and/or a protection plan that she did not want. However, this paragraph does not make any allegations of any kind relating to Wells Fargo.

attempt by Plaintiff to amend her fraud claims against this defendant to comply with Federal Rule of Civil Procedure 9(b) would prove futile. Accordingly, these claims—Count II (Fraud) and Count III (Suppression)—are due to be dismissed without prejudice against Defendant Wells Fargo. A separate order will be entered.

      **DONE** and **ORDERED** this   29th   day of January, 2007.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE